DEC 7 2021 AM 7:55
FILED-USDC-CT-HARTFORD

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No: 3:21-mj-1190(RAR) |
| v. | |
| CHRISTOPHER JESUS CONSTANZO | |

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT**

I, Ryan Mahar, being duly sworn, hereby depose and state as follows:

**BACKGROUND OF AFFIANT**

1.     I am a Special Agent with Homeland Security Investigations ("HSI"), and I have been employed by HSI as a Special Agent since July 2011.  Prior to serving as a Special Agent with HSI, I was employed as a Special Agent with the United States Secret Service ("USSS") for approximately nine years.  I am presently assigned to the HSI office in Hartford, Connecticut.  I have received extensive training provided by the Federal Law Enforcement Training Center, the USSS, and HSI in the investigation and enforcement of laws of the United States.  I have received training in the area of child pornography (as defined in 18 U.S.C. § 2256) and child exploitation, and have, as part of my daily duties as an HSI agent, investigated violations relating to child exploitation and child pornography, including violations pertaining to the possession, distribution, receipt and production of child pornography, the online enticement of minors, and traveling in interstate and foreign commerce to engage in sexual activity with minors.  I have participated in the execution of numerous search and arrest warrants involving child exploitation and/or child pornography offenses.  I also serve as a computer forensic examiner with HSI.

2.     I make this affidavit in support of a criminal complaint and arrest warrant for CHRISTOPHER JESUS CONSTANZO ("CONSTANZO"), an adult male born in 2002, charging him with the following violations: 18 U.S.C. §§ 1201(a)(1) (kidnapping), 2423(a) (transportation

1

of a minor with intent to engage in criminal sexual activity, and 2423(b) (travel with intent to engage in illicit sexual conduct) (collectively, the "**Target Offenses**").

3.      Based on the facts set forth in this affidavit, there is probable cause to believe, and I do believe, that CONSTANZO committed the **Target Offenses** from on or about December 1, 2021, to on or about December 2, 2021, in the District of Connecticut and elsewhere.

4.      The statements contained in this affidavit are based in part on information provided by witnesses with first-hand knowledge of the events described herein; by other members of local, state, and federal law enforcement; my own investigation to include personal observations, documents and other investigative materials which I have reviewed; and my training and experience as a Special Agent with HSI.  Since this affidavit is being submitted for the limited purpose of securing a criminal complaint and arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause for the requested criminal complaint and arrest warrant.

## TARGET OFFENSES

5.      As noted above, this investigation concerns alleged violations of the following criminal offenses:

a.      18 U.S.C. § 1201(a), which provides, "Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof, when (1) the person is willfully transported in interstate or foreign commerce . . . or the offender travels in interstate or foreign commerce . . . shall be punished by imprisonment for any term of years or for life[.]" Under 18 U.S.C. § 3559(f), "A person who is convicted of a Federal offense that is a crime of violence against the person of an individual who has not attained the age of 18 years shall, . . . (2) if the

2

crime of violence is kidnapping (as defined in section 1201) . . . be imprisoned for life or any term of years not less than 25[.]"

      b.     18 U.S.C. § 2423(a), which provides, "A person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce, or in any commonwealth, territory or possession of the United States, with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, shall be fined under this title and imprisoned not less than 10 years or for life.

      c.     18 U.S.C § 2423(b), which provides, "A person who travels in interstate commerce . . . with a motivating purpose of engaging in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years, or both." The definition of "illicit sexual conduct" includes "a sexual act (as defined in section 2246) with a person under 18 years of age that would be in violation of chapter 109A if the sexual act occurred in the special maritime and territorial jurisdiction of the United States[.]" 18 U.S.C. § 2423(f)(1). The following would be violations of Chapter 109A of Title 18 if the sexual act had occurred in the special maritime and territorial jurisdiction of the United States:

      i.     18 U.S.C. § 2421(a), which provides, "Whoever . . . knowingly causes another person to engage in a sexual act (1) by using force against that other person; or (2) by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping; . . . shall be [guilty of a crime]."

      ii.     18 U.S.C. § 2422(a), which provides, "Whoever . . . knowingly (1) causes another person to engage in a sexual act by threatening or placing that other person in fear (other than by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping); . . . shall be [guilty of a crime]."

3

6.     A person could be charged with the following state offenses in Connecticut, Massachusetts, New Hampshire, and Vermont state for engaging in sexual activity with another person by threat or use of force:

a.     Under Connecticut state law, "A person is guilty of sexual assault in the first degree when such person (1) compels another person to engage in sexual intercourse by the use of force against such other person or a third person, or by the threat of use of force against such other person or against a third person which reasonably causes such person to fear physical injury to such person or a third person[.]" Conn. Gen. Stat. § 53a-70(a). "Sexual intercourse" is defined as "vaginal intercourse, anal intercourse, fellatio or cunnilingus between persons regardless of sex. Penetration, however slight, is sufficient to complete vaginal intercourse, anal intercourse or fellatio and does not require emission of semen. Penetration may be committed by an object manipulated by the actor into the genital or anal opening of the victim's body."  Conn. Gen. Stat. § 53a-65(2).

b.     Under Massachusetts state law, "Whoever has sexual intercourse or unnatural sexual intercourse with a person and compels such person to submit by force and against his will, or compels such person to submit by threat of bodily injury, shall be punished by imprisonment in the state prison for not more than twenty years[.]" Mass. Gen. Laws Chapter 265 § 22(b).

c.     Under New Hampshire state law, "A person is guilty of the felony of aggravated felonious sexual assault if such person engages in sexual penetration with another person under any of the following circumstances: (a) When the actor overcomes the victim through the actual application of physical force, physical violence or superior physical strength[;] (b) When the victim is physically helpless to resist[;] (c) When the actor coerces the victim to submit by

4

threatening to use physical violence or superior physical strength on the victim, and the victim believes that the actor has the present ability to execute these threats[;] (d) When the actor coerces the victim to submit by threatening to retaliate against the victim, or any other person, and the victim believes that the actor has the ability to execute these threats in the future[;] or (e) When the victim submits under circumstances involving false imprisonment, kidnapping or extortion." N.H. Rev. Stat. § 632-A:2.

d.      Under Vermont state law, "No person shall engage in a sexual act with another person: (1) without the consent of the other person; (2) by threatening or coercing the other person; [or] (3) by placing the other person in fear that any person will suffer imminent bodily injury[.]" 13 V.S.A. § 3252(a). "Sexual Act" means "contact between the penis and the vulva, the penis and the anus, the mouth and the penis, the mouth and the vulva, or any intrusion, however slight, by any part of a person's body or any object into the genital or anal opening of another." 13 V.S.A. § 3251.

## PROBABLE CAUSE

7.      On or about December 2, 2021, at approximately 7:27 am, CONSTANZO and a female under the age of 18 ("Minor Victim" or "MV"), whose identity is known to me,[1] arrived at the United States Port of Entry ("POE") at Highgate Springs, Vermont in a green Toyota Camry bearing a Connecticut license plate.  Officials at the St-Armand/Philipsburg Border Crossing (on the Canadian side of the international border immediately north of the Highgate Springs POE) refused CONSTANZO and MV entry into Canada due to lack of COVID tests.

8.      At the Highgate Springs POE, Customs and Border Protection ("CBP") officers separated MV from CONSTANZO during their inspection for entering the United States.  MV told

---

[1] I am aware that MV is a resident of Torrington, Connecticut. She was born in 2004 and is currently 16-years-old.

5

the CBP officers she had been kidnapped and sexually assaulted twice by CONSTANZO. MV further stated that CONSTANZO had threatened her with a knife while on the way to Canada. A report in the National Crime Information Center ("NCIC") indicated that MV had been reported by her parents as a missing juvenile from Torrington, Connecticut, last seen around 6:00 pm on December 1, 2021.

9.      During the inspection at the POE, CONSTANZO was patted down by CBP officers, and, consistent with MV's statement to CBP, a small knife was found on CONSTANZO's person.

10.     CONSTANZO and MV were transported to the St. Albans Vermont State Police ("VSP") Barracks for further investigation. Federal and state law enforcements agents then conducted a consensually recorded interview of MV.

11.     During the interview, MV stated she had first met CONSTANZO through a mutual friend.  She had gone voluntarily to meet CONSTANZO the night before (December 1, 2021). MV stated that CONSTANZO sexually assaulted her (including oral, vaginal and anal intercourse) at a specific location in Stillwater, Connecticut[2] prior to holding her against her will.  At approximately 9:00 pm that evening, CONSTANZO forced MV into the trunk of her family's green Toyota Camry and kept her in the trunk of the vehicle against her will until approximately 4:00 am on December 2, 2021.  While she was in the trunk, she was restrained with a shoelace. MV stated that at some point in the night, CONSTANZO removed her from the trunk and sexually assaulted her again (including oral, vaginal and anal intercourse), but she was unable to determine where they were at that time.[3]

---

[2] I believe this is a reference to Stillwater Pond State Park, near Torrington, in Litchfield County, Connecticut.

[3] I am aware that the most direct route to travel by car from Connecticut to the St-Armand/Philipsburg Border Crossing in Canada is by driving through the states of Massachusetts, New Hampshire, and Vermont. Accordingly, based on my training and experience, I believe this second assault occurred in either in Connecticut, Massachusetts, New Hampshire, or Vermont.

12.     MV further stated that CONSTANZO removed her from the trunk around 4:00 am because they had gotten close to the Canadian border.  As they approached the border, MV was seated in the front seat of the vehicle, and CONSTANZO told MV to "act normal" and "go along with the story."  Upon inspection by the Canadian Border Services Agency, CONSTANZO stated that MV was his sister and that they intended to go into Canada for four days to visit friends.  Due to a lack of COVID tests, however, they were denied entry into Canada and were turned around to reenter the United States.

13.     Law enforcement determined that the green Toyota Camry, which MV told law enforcement was her parents' vehicle, is registered to a woman sharing MV's maternal family name at the same address in Torrington, Connecticut where MV resides.

14.     An HSI agent in Vermont spoke with MV's parents on the phone, and they consented to a search of the green Toyota Camry.  Among other items in the car, law enforcement located a shoe in the front passenger seat missing its shoelace, a single shoelace in the back seat of the Camry, and strands of hair in the trunk that appeared to be consistent with MV's hair.

15.     MV consented to undergo a Sexual Assault Nurse Examination, and she was transported to a local hospital in St. Albans, Vermont at approximately 11:30 am for the examination.  I have not received results from the examination as of the signing of this affidavit.

16.     I have spoken with members of the Torrington Police Department, who informed me that CONSTANZO is the subject of a pending sexual assault investigation in Connecticut for another incident that occurred a couple of months ago.

**CONSTANZO's Arrest in Vermont**

17.     On December 2, 2021, the United States District Court for the District of Vermont issued a criminal complaint and arrest warrant charging CONSTANZO with kidnapping in violation of 18 U.S.C. 1201 based primarily on the same information described in this affidavit. Law enforcement subsequently arrested CONSTANZO on the federal warrant, and his initial appearance was held in the District of Vermont on December 3, 2021. CONSTANZO was ordered detained pending a detention hearing scheduled for December 7, 2021.

18.     From my consultations with Assistant U.S. Attorneys in the District of Connecticut, I have been informed that Assistant U.S. Attorneys in Vermont and Connecticut have conferred and determined that the United States will elect to prosecute the kidnapping offense in the District of Connecticut rather than the District of Vermont. Accordingly, I understand that the U.S. Attorney for the District of Vermont will move to dismiss the Vermont case if CONSTANZO is charged in the District of Connecticut.

**CONCLUSION**

19.     Based on the aforementioned factual information, I believe there is probable cause to believe, and I do believe, that from on or about December 1, 2021, to on or about December 2, 2021, in the District of Connecticut and elsewhere, CONSTANZO (a) unlawfully kidnapped MV and held her against her will for ransom or reward or otherwise, and knowingly transported her in interstate or foreign commerce, (b) knowingly transported MV in interstate and foreign commerce with intent to engage in sexual activity for which he could be charged with a criminal offense, and (c) traveled in interstate commerce with a motivating purpose of engaging in illicit sexual conduct with MV.

20.     Accordingly, I respectfully request that a criminal complaint and arrest warrant be

issued to charge and arrest CONSTANZO for the **Target Offenses**.

RYAN M
MAHAR
Digitally signed by RYAN
M MAHAR
Date: 2021.12.06
16:02:05 -05'00'

Special Agent Ryan Mahar
Department of Homeland Security
Homeland Security Investigations

The truth of the foregoing affidavit has been attested to me by Special Agent Ryan Mahar over
the telephone on this 6th day of December, 2021, at Hartford, Connecticut in accordance with the
requirements of Fed. R. Crim. P. 4.1.

Robert A.
Richardson
Digitally signed by Robert A.
Richardson
Date: 2021.12.06 17:21:38
-05'00'

HON. ROBERT A. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

9